## 22. COHEN *v.* GOODRUM TOBACCO COMPANY.

The statutes of this State make no provision for traversing the grounds on which garnishment proceedings are based. Therefore, when, in a suit against a named defendant in a justice's court, summons of garnishment was issued, returnable before said court, and the defendant in the suit

offered to traverse the truth of the ground in the affidavit of the plaintiff, that he had reason to apprehend the loss of the debt or some part thereof, and the justice refused to allow said traverse, such judgment was correct.

Petition for certiorari, from Fulton superior court—Judge Pendleton.  March 8, 1906.

Argued January 9,—Decided January 18, 1907.

*F. M. Hughes, Morris Macks,* for plaintiff in error.

*Walter C. Hendrix,* contra.

HILL, C. J.  J. J. Goodrum Tobacco Company brought suit on an account, against Morris Cohen, in the justice's court of the 1026th district, G. M.  On the filing of said suit, process of garnishment was had and summons issued, directed to the Fourth National Bank of Atlanta.  When the suit of the plaintiff against the defendant was called for trial in the justice's court, the defendant filed a traverse of the ground upon which said garnishment was based, that the plaintiff "has reason to apprehend the loss of the debt or some part thereof unless process of garnishment do issue." The traverse was dismissed by the justice; whereupon the defendant tendered his petition for certiorari to the superior court, alleging that the judgment of the justice's court dismissing said traverse was error.  The superior court declined to sanction the petition for certiorari, and dismissed the same, and said ruling is assigned as error.  There were several grounds of error set out in the petition for certiorari, but only the one above noted is insisted on in this court.

The judgment of the justice's court in refusing to entertain the traverse of the ground on which garnishment proceedings were based was right.  The statutes of this State authorizing garnishment proceedings nowhere provide for any traverse of the grounds of garnishment, and the courts have no right to add anything to statutory remedies.  It is insisted that the Civil Code, §4709, on the subject of garnishment proceedings, provides that after the return of such proceedings to the court "all subsequent proceedings shall be the same as in this code prescribed in relation to garnishment in cases of attachment," and that as the code gives the right of traverse of the grounds upon which attachments are issued, this language authorizes a traverse of the grounds of garnishment.  We do not think the language above quoted from Section 4709 refers

to traverse proceedings. The fact that the law of this State expressly gives the right of traverse of the grounds of attachment, and does not give such right in cases of garnishment, we think is conclusive of the question; and we therefore affirm the judgment of the court in dismissing the petition for certiorari.

*Judgment affirmed.*